# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0814V
UNPUBLISHED

| | |
|---|---|
| PETE HEFFRON,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: November 10, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Daniel Levinson*, Levinson Stockton LLP, Solana Beach, CA, for Petitioner.

*Mollie Danielle Gorney*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On January 28, 2021, Pete Heffron filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré Syndrome (GBS) as a result of an influenza ("flu") vaccine administered to him on October 7, 2019. ECF 14 at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 2, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his GBS. On November 9, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

$177,365.57,[3] representing $157,500.00 for pain and suffering, $11,983.24 for actual unreimbursable expenses, and $7,882.33 for lost earnings. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $<u>177,365.57</u>, representing $157,500.00 for pain and suffering, $11,983.24 for actual expenses, and $7,882.33 for lost wages in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] In one Proffer entry, the total is listed to be $177,365.**7**7. Proffer at 2. However, this entry is clearly a simple error. The Proffer also lists the correct total, $177,365.**5**7, and the individual amounts show this to be the correct total. *Id.* at 1-2.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| PETE HEFFRON, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 21-814V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On January 28, 2021, Pete Heffron ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered Guillain-Barre syndrome ("GBS"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine he received on October 9, 2019. Petition at 1. On September 2, 2021, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a GBS Table injury. ECF No. 21. On the same date, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 22.

Items of Compensation

    A.    Pain and Suffering

Respondent proffers that petitioner should be awarded $157,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.  Actual, Unreimbursable Expenses

Respondent proffers that petitioner should be awarded $11,983.24 in actual unreimbursable expenses.  *See* 42 U.S.C. § 300aa-15(a)(1).

C.  **Lost Earnings**

Respondent proffers that petitioner should be awarded $7,882.33 in lost earnings.  *See* 42 U.S.C. § 300aa-15(a)(3)(A).

This amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II.  **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]:  a lump sum payment of $177,365.57, in the form of a check payable to petitioner.

III.  **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Pete Heffron:　　　　　　　　　　　　**$177,365.77**

　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　BRIAN M. BOYNTON
　　　　　　　　　　　　Acting Assistant Attorney General

　　　　　　　　　　　　C. SALVATORE D'ALESSIO
　　　　　　　　　　　　Acting Director
　　　　　　　　　　　　Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

        ALEXIS B. BABCOCK
        Acting Deputy Director
        Torts Branch, Civil Division

        /s/ Mollie D. Gorney
        MOLLIE D. GORNEY
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Tel:  (202) 616-4029

DATED:  November 9, 2021