# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0814V
(not to be published)

| | |
|---|---|
| PETE HEFFRON,<br><br>                       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                       Respondent. | Chief Special Master Corcoran<br><br>Filed: March 25, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Paralegal Tasks at Attorney Rates |

*Daniel Levinson*, Levinson Stockton LLP, Solana Beach, CA, for Petitioner.

*Andrew Henning*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 28, 2021, Pete Heffron filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome as a result of an influenza vaccine administered to him on October 7, 2019. (Petition at 1). On November 10, 2021, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 31).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated December 9, 2021, (ECF No. 36), requesting a total award of $42,746.09 (representing $40,480.00 in fees and $2,266.09 in costs). In addition, in accordance with General Order No. 9 Petitioner represents that he incurred no out-of-pocket expenses. (Id. at 1). Respondent reacted to the motion on December 12, 2021, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, deferring determination of the amount to be awarded at the Court's discretion. (ECF No. 37). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reason listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

    A.  <u>Hourly Rates</u>

For attorney Daniel S. Levinson, Petitioner requests the hourly rate of $400 per hour for time billed in 2020 and 2021. (ECF No. 36-2). Mr. Levinson has been a licensed attorney in California since 1993, placing him in the range of attorneys with 20 - 30 years' experience on the OSM Attorneys' Forum Hourly Rate Schedule.[3] (*Id*. at 36-2). In light of his overall experience and taking into account the OSM guidelines applied to attorney rates, the requested rates are reasonable, and I award them herein.

    B.  <u>Paralegal Tasks at Attorney Rates</u>

Mr. Levinson's rate must be reduced, however, where applied to work billed for paralegal tasks. Attorneys may be compensated for paralegal-level work, but <u>only</u> at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Hum. Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Hum. Servs.*, 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Hum. Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Mr. Levinson billed over three hours on tasks that are more properly characterized as paralegal tasks, including requesting medical records. A few non-exhaustive examples of these entries include:

- June 9, 2020 (0.30 hrs) "Prepare letter to Palomar re: records";
- June 9, 2020 (0.30 hrs) "Prepare letter to Dr. K. Clewell re: records";
- June 24, 2020 (0.20 hrs) "Receive and review notice re: Palomar records";
- February 23, 2021 (1.00 hrs) "Prepare requests for certified records"; and
- March 1, 2021 (0.50 hrs) "Telephone to/from Palomar Records re: request for certified records."

---

[3] The OSM Attorneys' Forum Hourly Rate Schedules are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

(ECF No. 36 at 5-9).

I shall reduce Mr. Levinson's rate for these tasks to $163 per hour for tasks billed in 2020, and $172 per hour for tasks billed in 2021, which is comparable to what a paralegal would receive. This reduces the awardable attorney fees by **$718.50**.[4]

## ATTORNEY COSTS

Petitioner requests $2,266.09 in overall costs. (ECF No. 36 at 18). This amount is comprised of obtaining medical records and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$42,027.59** (representing $39,761.50 in fees and $2,266.09 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] This amount consists of ($400 - $163 = $237 x 1.3 = $308.10) + ($400 - $172 = $228 x 1.8 hrs = $410.40) =$718.50.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.